*UNITED STATES BANKRUPTCY APPELLATE PANEL*
*FOR THE TENTH CIRCUIT*

---

*In re:*
*Leroy Carrillo Jr. and Barbara Carrillo,*
*Debtors.*

---

**Leroy Carrillo Jr., Appellant,**

**V**

**Rothstien/Donatelli,Offices in, Albuquerque, Santa Fe, and Arizona. Initiating the silencing of the appellant. Carolyn Nichols, Initial Attorney. Phillip J. Montoya, Chapter 7 Trustee. The Askew Law Firm, Initiator of the reopening.**
**Eric Schwartz, Trustee for the ADSF, and initiator of false payouts against the award. Jim Stang, Attorney for a supposed committee of unsecured creditors. and The Archdiocese of Santa Fe's, Catholic Church. Reducing their liability to the appellant, by the misuse of Bankruptcy Law.**

**Appellees.**

**BAP Case No.: 25-14**
**Appeal from: United States Bankruptcy Court for the District of New Mexico**
**Bankruptcy Case No.: 93-10091**
**Judges: David T. Thuma**
**Robert H. Jacobvitz**

# Table of Contents

**Cover Page** ………………………………………… **1**

**Table of  Contents**……………………………………… **2**

**Introduction and Summary of the Appeal** ................................3

**Table of Authorities** …………………………………………4

**Jurisdictional Statement** ......................................................... **5**

**Statement of Issues** .................................................. **6**

**Statement of the Case** …………………………….................. **7**

**Statement of the Facts** ………………………………………… **8**

**Summary of Argument** …………………………………… **10**

**Argument** ………………………………………………… **11**

**Standard of Review** ………………………..,................................ **14**

**Legal Argument** ....................................................... **14**
**Conclusion** ................................................................ **15**
**Certificate of Compliance** ………………………………… **16**
**Certificate of  Service** …………………………………….. **16**

**Appendix Table of Contents**

**Appendix Exhibits 1–7** *(separately filed)*

**Introduction and summary of Appeal**

This appeal arises from the unlawful reopening of appellant  Leroy Carrillo Jr 's 1993 Chapter 7 bankruptcy case ,a case that had been closed for decades with no remaining issues .The case was reopened without the appellants knowledge , consent or participation.  It was all based entirely on a fraudulent filing ,of an official form 106Sum bearing a forged signature. This forged document triggered a Cascade of improper judicial and administrative actions, , including the appointment of trustee Philip J Montoya, , the reappointment of conflicted former Council Carolyn Nichols, the concealment of filings.and filings under Seal.   This all led to the eventual misappropriation of appellants Recovery settlement funds in a separate bankruptcy case involving the Archdiocese of Santa Fe Catholic Church. And it's Chapter 11 reorganization case filed in 2018.

Despite raising timely and credible objections,the  appellant a Pro Se  Litigant and Survivor of clergy sexual abuse was repeatedly denied the opportunity to participate meaningfully in the proceedings . Key hearings occurred without him the court committed ex parte Communications with the adverse parties , and large portions of the official hearing record were never recorded or disclosed . Judicial discretion was applied unevenly favoring those accused of misconduct while marginalizing the Survivor Seeking Justice.

 The  central issue on appeal is whether a federal bankruptcy court made it lawful to reopen a long closed case using a forged form 106, and then proceed without notification or service, to the most  affected debtor ,and deny the debtor access to critical

evidence and hearings.Aappellant submitted that it may not and that every order issued thereafter must be voided ,instituting a matter of law.

**Table Of Authorities**

- **28 U.S.C. § 158(a)(1) – Jurisdiction for appeals from final orders of the bankruptcy court**

- **28 U.S.C. § 157(b) – Core proceedings in bankruptcy**

- **11 U.S.C. § 350(b) – Reopening of bankruptcy cases**

- **11 U.S.C. § 327(e) – Employment of special counsel**

- **11 U.S.C. § 704(a) – Duties of a Chapter 7 trustee**

- **11 U.S.C. § 105(a) – Court's equitable powers**

- **11 U.S.C. § 541(a) – Property of the estate**

**Rules**

- **Federal Rule of Bankruptcy Procedure 5010** – **Procedure for reopening cases**

- **Federal Rule of Bankruptcy Procedure 8002 – Time for filing notice of appeal**

- **Federal Rule of Bankruptcy Procedure 9014 – Contested matters (due process requirements)**

- **Federal Rule of Evidence 1002 – Requirement of original record**

- **Canon 3(C)(1), Code of Conduct for United States Judges – Judicial disqualification for bias or appearance of impropriety**

**Cases**

**United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010)**
*Due process in bankruptcy court and the limits of court authority when procedural rights are violated.*

**In re Popp, 323 B.R. 260 (B.A.P. 9th Cir. 2005)**
*Forgery in bankruptcy filings renders court actions void.*

**In re Castillo, 297 F.3d 940 (9th Cir. 2002)**
*Failure to disclose material information; trustee duty and sanctions.*

**In re Kemp, 52 B.R. 355 (Bankr. D. Vt. 1985)**
*Improper use of court procedure and lack of notice as grounds for reversal.*

**Liteky v. United States, 510 U.S. 540 (1994)**
*Judicial bias and appearance of partiality.*

### Jurisdictional Statement

This appeal is taken from a final order of the United States Bankruptcy Court for the District of New Mexico, entered by the Judge Robert H. Jacobvitz, on May, 2, 2025. Denying Appellant's motion for recovery and for relief from judicial orders issued following the unauthorized and fraudulent reopening of a closed Chapter 7 case. The underlying case—Bankruptcy Case No. 93-10091—was originally filed in 1993 and remained closed for decades until it was improperly reopened based on a forged Official Form 106Sum, bearing Appellant's falsified signature.

This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1) and (c)(1), which grants the Bankruptcy Appellate Panel authority to hear appeals from final orders of bankruptcy judges in the districts within the Tenth Circuit. Appellant filed a timely notice of appeal in accordance with Federal Rule of Bankruptcy Procedure 8002, following entry of the final order on May,16n 2025 of final order.

## Statement of issues

1. **Whether the bankruptcy court erred in reopening Appellant's 1993 Chapter 7 case based on a forged Official Form 106Sum, without notice, consent, or participation from the Appellant.**

2. **Whether the bankruptcy court violated Appellant's constitutional right to due process by allowing proceedings to continue based on a fraudulent filing, without proper service, notice, or opportunity to be heard. And whether the judge had an inside knowledge of a plan to deny appellant.**

3. **Whether the appointment of Trustee Phillip J. Montoya and reappointment of Carolyn Nichols as special counsel—both of whom were directly implicated in alleged misconduct—constituted a conflict of interest and abuse of judicial discretion. Also known to judge Jacobvitz.**

4. **Whether the bankruptcy court committed reversible error by allowing critical hearings to proceed without the Appellant's attendance, suppressing or omitting key portions of the audio record, and failing to provide a copy of the hearing upon request.**

5. **Whether the court's deference to Nichols' and Montoya's scheduling preferences, while ignoring Appellant's objections and denying him access to evidence until after hearings had concluded, constitutes judicial bias or misconduct.**

6. **Whether all orders issued following the reopening of the case should be vacated as void ab initio due to the fraudulent basis upon which the case was reactivated.**

7. **Whether Appellant is entitled to restitution of misappropriated funds and compensation for time, labor, and injury caused by systemic judicial failures and legal malpractice.**

---

## Statement of the Case

This appeal arises from the unauthorized and fraudulent reopening of Appellant Leroy Carrillo Jr.'s 1993 Chapter 7 bankruptcy case—nearly three decades after it was properly closed, with no remaining issues.The case was reactivated without Appellant's knowledge, consent, or participation, based solely on a forged Official Form 106Sum filed under the supervision of Judge David T. Thuma. The document falsely bore Appellant's signature and was never served upon him.

Following the reopening, Judge Thuma appointed Phillip J. Montoya as Chapter 7 Trustee. Montoya later moved to employ Appellant's former attorney, Carolyn Nichols, as special counsel—despite her prior involvement in the Archdiocese of Santa Fe (ADSF) clergy abuse case and clear conflict of interest. This motion was granted. All of these actions proceeded without notice to Appellant and without his opportunity to object.

Oversight of the reopened case then shifted to Judge Robert H. Jacobvitz, who treated the reopening as legitimate and continued issuing rulings that denied Appellant both relief and participation.  Even after the issue had been brought to his attention, he called it " A Matter of Law" Critical deadlines and notices were sent to a 30-year-old address. Court hearings were scheduled without regard to Appellant's availability while the court showed repeated deference to the scheduling preferences of Nichols and Montoya. In one hearing, Montoya was excused entirely due to a personal vacation; in another, Judge Jacobvitz openly threatened to end the proceedings if Appellant spoke again.

At a key hearing regarding Appellant's motion alleging theft and misappropriation, the court allowed Nichols' paralegal to testify falsely without objection and failed to record the full hearing—leaving more than 75% of the audio missing. The court also refused to provide Appellant with a complete transcript, and in the final hearing, Judge Jacobvitz held an ex parte discussion with Nichols after the close of proceedings.

Most egregiously, pre-hearing documents that should have been disclosed in advance were not provided to Appellant until three days after the hearing had already taken place. Despite repeated attempts to obtain copies of the hearing record and audio, court staff failed to follow up or respond.

Even  the United States Trustees office sided with these parties. See Appendix US trustee.

At every critical stage, Appellant—a pro se survivor of clergy sexual abuse—was denied the basic procedural protections guaranteed by law. He was excluded from hearings, silenced by the court, and ignored in his efforts to correct a process fundamentally rooted in fraud. This appeal seeks to overturn all orders stemming from the fraudulent reopening and to restore the rights stripped from him by a system that failed to protect its most vulnerable participant.

## Statement of the Facts

1. **Appellant Leroy Carrillo Jr.** filed a Chapter 7 bankruptcy case in 1993 in the District of New Mexico. The case was closed without complication and remained dormant for nearly 30 years.

2. In 2018, the Archdiocese of Santa Fe (ADSF) filed a Chapter 11 bankruptcy case to resolve hundreds of sexual abuse claims, including Appellant's. The church then proceeded to reduce their liability to the appellant by making Appellant responsible for the abuse that he was made to suffer.

3. In 2019, Appellant retained attorney Carolyn Nichols of Rothstein Donatelli to represent him in the ADSF bankruptcy. Nichols and her paralegal repeatedly assured Appellant that attorney fees would not be deducted from his settlement, as a special compensation fund had been established for that purpose.

4. Without Appellant's knowledge or consent, his 1993 Chapter 7 case was reopened based on a forged Official Form 106Sum bearing a falsified signature. Appellant did not authorize or file any motion to reopen, and no valid notice or service was provided to him. Thereafter Appellant's reopened Chapter 7 case, was intermingled with the Chapter 11 reorganization case of the ADSF, essentially reducing their liability to those who by their hand had been sexually abused. And the abused are renamed criminals and pay punitive damages for the abuse they are forced to suffer, as children.

   Judge David T. Thuma accepted the forged filing and reopened the case. He appointed Phillip J. Montoya as Chapter 7 Trustee. Montoya later filed a motion to employ Carolyn Nichols as special counsel — despite her prior representation of Appellant and clear conflict of interest. The motion was granted without notice to Appellant. Turning former atty. Directly against the Appellant.

5. A notice of the deadline to file claims in the reopened case was sent to a 30-year-old address where Appellant had not lived in decades. Nichols, still acting as Appellant's prior attorney, was also not served. As a result, Appellant was entirely unaware of the reopened case and its filings. When addressed to Jacobvitz he called the notice to the 30 year old address fair.

6. When Appellant eventually discovered the reopened case, he filed a motion objecting to the misappropriation of his funds and the roles of Montoya and Nichols. Judge Robert H. Jacobvitz, now overseeing the case, held a hearing that

Appellant could not attend. Only Nichols and Montoya were questioned, and Judge Jacobvitz ruled against Appellant based solely on their statements.

7. During a second telephonic hearing, when Appellant attempted to raise concerns, Judge Jacobvitz stated: "Interrupt me again, and I'll just end all of this and we can all go home."

8. Prior to the final hearing, Appellant requested an extension "to find the combination to unlock this Court's concern for my cause." The extension was granted. Nichols later requested a delay to visit her mother, proposing specific hearing dates. Appellant objected, arguing that Nichols was giving "marching orders" to the court and prolonging his burden. Judge Jacobvitz granted Nichols' preferred date.

9. Montoya notified the court he would be on vacation and would not attend the hearing. Judge Jacobvitz excused his absence. Appellant attempted to object and sought options to override the decision, and did so by naming Montoya a witness, this marks the one and only victory to the appellant's name.

10. The hearing proceeded on August 8. Montoya did  attend. Nichols' paralegal testified and contradicted 3 and a half years of  assurances that no attorney fees would be taken. The hearing lasted nearly seven hours, but the court's audio recording did not begin until 1:33 p.m., omitting most of the proceeding. It was in this final hearing that appellant was denied access to critical evidence until more than 3 quarters of the hearing was concluded. Giving extreme concern as to why the recording did not commence until 1;33pm. Note that the check with the incorrect case # Among several other discrepancies were found in that very evidence.   After the hearing, Judge Jacobvitz held an off-the-record ex parte conversation with Nichols.

11. Appellant requested the full hearing audio from the court recorder, she in turn requested  appellants phone # .
12. stated she would call him the following day. She did not. Despite multiple follow-up attempts, Appellant was never provided the audio record.

13. Critical pre-hearing documents were not delivered to Appellant until three days after the final hearing concluded, depriving him of the ability to respond.

**Summary of The Argument**

This appeal centers on a series of grave procedural and ethical violations that began with the fraudulent reopening of Appellant Leroy Carrillo Jr.'s 1993 bankruptcy case, and culminated in a complete denial of his constitutional right to due process. The case was reopened using a forged Official Form 106Sum bearing Appellant's falsified signature—without notice, service, or any motion from the Appellant himself. This forged document was accepted by the bankruptcy court, triggering a cascade of judicial actions that were all built upon fraud.

Once the case was reopened, Trustee Phillip J. Montoya was appointed, and Appellant's former attorney, Carolyn Nichols, was reappointed as special counsel despite her direct conflict of interest. These appointments proceeded without Appellant's knowledge or participation. When Appellant eventually discovered the proceeding and raised credible claims of misappropriation and fiduciary breach, the court refused to provide him a fair forum. Key hearings proceeded without his attendance, large portions of the record were never recorded or provided, and rulings were made based solely on the testimony of the accused parties.

The court repeatedly showed deference to Nichols and Montoya—allowing them to dictate scheduling, excuse themselves from hearings, and testify unchallenged—while silencing and excluding Appellant. Evidence was withheld until after hearings concluded, ex parte communication occurred between the judge and Nichols, and the hearing record remains incomplete to this day.

These errors were not harmless as jacobvitz states. They were structural, deliberate, and prejudicial. The entire proceeding was built on a fraudulent document, denied Appellant his right to be heard, and enabled parties with conflicts of interest to influence outcomes behind closed doors.

For these reasons, the orders issued after the fraudulent reopening must be vacated, the misconduct must be addressed, and the Appellant must be granted both restitution and recognition of the harms he has endured.

# Argument

## I. The Reopening of Appellant's 1993 Bankruptcy Was Procured by Fraud and Is Void Ab Initio

A bankruptcy court may reopen a case under 11 U.S.C. § 350(b) only "to administer assets, to accord relief to the debtor, or for other cause." None of these justifications apply here. The reopening of Appellant's long-closed Chapter 7 case was initiated by the filing of a **forged Official Form 106Sum**, bearing a falsified signature. Appellant did not file, sign, or authorize any document to reopen the case. The bankruptcy court failed to verify the authenticity of the document and granted the reopening without service, notice, or a motion filed by the Appellant. Note: appellant believes that other docs, are also forged.

Because this reopening was based on **fraud on the court**, the proceedings that followed were jurisdictionally defective. A court cannot obtain lawful jurisdiction over a reopened case by relying on a falsified instrument. See *In re Popp*, 323 B.R. 260 (B.A.P. 9th Cir. 2005) (forged filings render actions void). All orders issued thereafter, including the appointment of the trustee and special counsel, are **void ab initio**.

## II. Appellant Was Denied Due Process at Every Critical Stage of the Proceeding

Fundamental fairness requires that parties be given notice and an opportunity to be heard. Here, **Appellant was denied both**. The bankruptcy court allowed proceedings to unfold without ever properly serving the Appellant or his former counsel. Notices were mailed to a decades-old address; no effort was made to notify Appellant directly despite his known involvement in the Archdiocese of Santa Fe bankruptcy and his established contact with Carolyn Nichols.

When Appellant did attempt to participate, he was denied a fair opportunity to be heard. Hearings were conducted in his absence. At one, the judge relied exclusively on the testimony of Trustee Montoya and Attorney Nichols—the very parties accused of misconduct—and declared the matter "fair and true." In another, when Appellant attempted to raise objections, Judge Jacobvitz threatened:

> "Interrupt me again, and I'll just end all of this and we can all go home."

Such statements and conduct not only display **judicial hostility** but violate the requirement that pro se litigants be given reasonable latitude to present their claims.

---

## III. The Court Showed Preferential Treatment to Nichols and Montoya While Actively Obstructing Appellant's Participation

Both Nichols and Montoya were allowed to dictate the scheduling of hearings. Nichols requested a delay for personal travel, providing the court with a list of acceptable dates.

Appellant objected, noting the lack of urgency and Nichols' continuing fiduciary duty. The court ignored his objection and scheduled the hearing for Nichols' preferred date.

Montoya then notified the court he would be on vacation and would not attend. Again, the court acquiesced, allowing a key party in a contested matter to avoid accountability. Appellant attempted to challenge these decisions but was disregarded.

This conduct created a **two-tiered system of justice**, in which those accused of wrongdoing were accommodated, while the pro se survivor seeking accountability was marginalized.

---

## IV. The Court Suppressed Evidence and Allowed the Record to Be Incomplete

The hearing on August 8, 2023, lasted nearly seven hours, yet the official audio recording begins at 1:33 p.m., omitting the majority of the proceeding. Appellant requested a copy of the full record from the court reporter, who stated she would follow up. She never did. Multiple attempts to retrieve the recording were ignored.

Worse still, critical pre-hearing documents were withheld from Appellant until three days after the hearing had already concluded, depriving him of the opportunity to respond to arguments or evidence raised in his absence.

## V. The Appointment of Conflicted Counsel Violated Appellant's Rights and the Bankruptcy Code

Attorney Carolyn Nichols was reappointed as special counsel in Appellant's case despite having previously represented him in the Archdiocese of Santa Fe bankruptcy and having made representations regarding the handling of his settlement. Her reappointment was made **at the request of Trustee Montoya**, and she continued to act in a role adverse to her former client.

Under 11 U.S.C. § 327(e), special counsel must not hold an interest adverse to the estate or the debtor. Nichols' continued involvement violated this standard. Appellant raised this issue repeatedly, but the court dismissed it without proper inquiry. In the 2nd telephonic hearing Jacobvitz, rattled off an undistinguished number, said " no conflict here" and quickly moved on.

This created an untenable conflict of interest that tainted all proceedings in which Nichols participated.

---

# VI. All Orders Following the Fraudulent Reopening Must Be Vacated

Because the case was reopened on the basis of a **forged document**, and the words of Nichols and Montoya ,without proper notice or authorization, and because all subsequent proceedings were marked by **conflict of interest, judicial bias, and suppression of evidence**, every order issued thereafter is fatally compromised.

The only remedy that satisfies the integrity of the judicial system is to **vacate all post-reopening orders**, restore Appellant's full award which to date is still unclear. refer to the underlying misconduct for further review and discipline.

### Standard Of Review

The court repeatedly showed deference to Nichols and Montoya—allowing them to dictate scheduling, excuse themselves from hearings, and testify unchallenged—while silencing and excluding Appellant. Evidence was withheld until after hearings concluded, ex parte communication occurred between the judge and Nichols, and the hearing record remains incomplete to this day.

The court also allowed Nichols To administer leading questions to paralegal Esther Lopez, testifying falsely under oath, stating that no promise had been made to Appellant regarding no attorney fees—contradicting earlier assurances over a span of 3 and one half years.   Upon cross-examine Esther Lopez Doubled down on her perjury , it is this testimony, the judge relied upon it to rule against him.

The court repeatedly showed deference to Nichols and Montoya—allowing them to dictate scheduling, excuse themselves from hearings, and testify unchallenged—while silencing and excluding Appellant. Evidence was withheld until after hearings concluded, ex parte communication occurred between the judge and Nichols, and the hearing record reThis suppression of evidence and failure to preserve the record directly violated Appellant's due process rights and rendered the hearing's outcome unreliable and invalid.

## LEGAL ARGUMENT

The bankruptcy court's rulings must be reversed because they were predicated on proceedings that violated Appellant's constitutional right to due process, involved an

unwaivable conflict of interest, and were tainted by fraud, misrepresentation, and judicial bias.

First, **Appellant's 1993 Chapter 7 case was improperly reopened without notice or consent**, a clear violation of the Due Process Clause of the Fifth Amendment. The use of a decades-old address, without any reasonable attempt to notify Appellant at his known current address, deprived him of the opportunity to participate in proceedings that fundamentally affected his property rights. A court lacks jurisdiction to adjudicate the rights of a party who was not properly noticed. (*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950)).

Second, **the appointment of Carolyn Nichols as special counsel for the estate while simultaneously serving as Appellant's personal attorney created a direct and irreconcilable conflict of interest**, in violation of 11 U.S.C. § 327 and Rule 1.7 of the New Mexico Rules of Professional Conduct. No informed consent was obtained, and the estate's interests were inherently adverse to those of Appellant. As a result, all actions taken under this dual representation—particularly the withholding of settlement funds—are voidable and warrant reversal.

Third, **the bankruptcy court permitted and relied upon material misrepresentations by Nichols and her firm**, including contradictory statements about the nature and amount of attorney fees, and demonstrably false testimony intended to discredit the Appellant. This constitutes fraud on the court. A judgment obtained through such fraud is subject to vacatur at any time. (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245–46 (1944)).

Finally, **the bankruptcy judge's refusal to acknowledge these serious improprieties—coupled with the silencing of Appellant in open court—reflects judicial bias and a failure to provide neutral adjudication**, in violation of the basic tenets of fairness required in all judicial proceedings. Where judicial impartiality can reasonably be questioned, the integrity of the proceedings is compromised. (*Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Together, these errors amount to a fundamental miscarriage of justice. The bankruptcy court's orders must be vacated, and the matter remanded with instructions to return the misappropriated settlement funds and grant further relief as equity requires.

## CONCLUSION

Solely for 2 ½ yrs. Of having to fill the enormous gap left behind by Rothstien/Donatelli, Carolyn Nichols, along with the task of unwinding the mess left behind in an attempt to

hide their greed, I ask this fine court to immediately upon receipt of this Brief. Require those responsible to compensate me for the work that they could not accomplish. Trade standard costs for this work is $343,043.67 plus the $40,000.00 deduction recovered 13 years prior, for a total immediate payment of $383,043.67 .

**This case is not just a matter of legal error—it is a story of profound betrayal, moral failure, and human suffering. Appellant is a survivor of childhood sexual abuse by  the Archdiocese of Santa Fe, who was able to buy for itself some packaged evil, in the form of attorneys, judges, trustees,and even a couple of paralegals, to do their dirty work. This Begs the question " Just how much money was saved by the misuse of Bankruptcy Laws and its Officers?**

**Mr. Carrillo approached the judicial system in search of justice for the hidden crimes of this conglomerate. <u>Crimes that For Decades </u>he alone bore the weight of. And instead of finding justice, he was retraumatized by a system that promised protection but delivered exploitation. What was supposed to be a process of closure became a two-and-a-half-year descent into hell. The reopening of a decades-old bankruptcy without notice, the appointment of conflicted counsel who misrepresented their intent, and the calculated withholding of compensation meant for healing—these were not clerical mistakes. They were deliberate acts of harm by those entrusted with sacred responsibilities.**

**The toll has been catastrophic. Appellant and his family were driven to the edge: his wife and child forced to leave the home; weeks of homelessness; pleading for shelter and survival; spiraling into despair with each court decision that ignored truth and justice. He could not work, could not sleep, could not protect his family from the storm unleashed by those who placed money above human life. And now, even as he seeks only what is rightfully his, he lives in fear—not of legal consequences, but of those who would silence him for daring to expose this cruelty. People who clearly loved their profit more than his life. That is the horror that the BAP is to face. The Unfathomable.**

**This is not simply a legal appeal—it is a cry for justice from a man who has been wronged beyond comprehension. This Court has the power—moreover the duty—to end this nightmare immediately.**

Appellant respectfully asks that all orders be vacated, that the real final award amount be revealed,  and all that has been taken from him be returned, and that full, equitable relief be granted, in recognition of the harm he has suffered, the truth he has fought to reveal, and the justice he was promised, but never given.

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 8015(h) of the Federal Rules of Bankruptcy Procedure, I certify that this brief complies with the type-volume limitations of Rule 8015(a)(7)(B)(i). This document contains approximately [insert word count] words, excluding the parts of the brief exempted by Rule 8015(g), such as the table of contents, table of authorities, certificates, and signature block.

This brief has been prepared using Microsoft Word in a proportionally spaced, 14-point Times New Roman font.

Dated: [Insert Date]
 Respectfully submitted,
 /s/ Leroy Carrillo, Jr.
 Appellant, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on [Insert Date], I served a true and correct copy of the foregoing Appellant's Opening Brief and Appendix upon the following parties via [insert method of service—email, U.S. Mail, or ECF, depending on how each is being served]:

- Carolyn Nichols, Rothstein Donatelli LLP

- Phillip J. Montoya, Chapter 7 Trustee

- Eric Schwartz, Omni Agent Corporation

- Jim Stang, Pachulski Stang Ziehl & Jones LLP

- **Askew Law Firm**

- **Archdiocese of Santa Fe**

**Dated: July, 9, 2025**
 **Leroy Carrillo, Jr.**
 **Appellant, Pro Se**

## REQUEST FOR ORAL ARGUMENT

**Pursuant to Federal Rule of Bankruptcy Procedure 8019, Appellant respectfully requests oral argument in this appeal. This case involves substantial issues of constitutional due process, attorney conflict of interest, and fraud upon the court, all of which are factually and legally complex and deeply consequential. Oral argument will assist the Court in fully understanding the unique and egregious harm suffered by the Appellant as a result of multiple violations of law, ethics, and equity.**

**Dated: July, 9, 2025**
 **Leroy Carrillo, Jr.**
 **Appellant, Pro Se**

---

# Appendix

| Exhibit No. | Title | Description |
|---|---|---|
| Ex. 1 | Forged Official Form 106Sum | Submitted to reopen 1993 Ch. 7 case without consent. Forged signature. |
| Ex. 2 | Real Signature Comparison | Authentic signature on earlier verified document or ID. |
| Ex. 3 | Docket Entry of 106Sum Filing | Proof it was submitted to court record without service to you. |
| Ex. 4 | Montoya Motion to Reassign Nichols as Special Counsel | Creates direct conflict of interest. |
| Ex. 5 | Transcript or Hearing Notes: Judicial Dismissal of Objections | Judge dismisses concerns without factual basis. |
| Ex. 6 | Misrepresented Fee Agreement or Email with Nichols | Shows original promise of no fees. |
| Ex. 7 | Settlement Award Letter & Fee Deduction Notice | Shows unexplained or improper deductions. |
| Ex. 8 | Your Declaration | Lays out what happened in your own sworn words. Optional but powerful. |

## Suggested Additional Documents / Descriptions to Include in Appendix:

(These can either be added as exhibits, or described in the "Statement of the Case")

| Exhibit No. | Title | Description |
|---|---|---|
| Exhibit 0 (Optional) | PACER Docket Entry Showing No Motion to Reopen by Debtor | Use to show no valid motion originated from you. |
| Exhibit 1-A | Certificate of Service (or Absence of It) | Prove that you were never served notice of motion to reopen. |
| Exhibit 1-B | Docket Entry Showing Filing of Forged 106Sum | Establishes date and court of filing. Helps assign to Judge Thuma. |

On or around December,20,2021 under the supervision of Judge David T. Thuma, my 1993 Chapter 7 case was reopened without any motion, petition, or consent from me. A fraudulent version of Official Form 106Sum, bearing a forged signature, was filed and accepted as valid, despite its obvious lack of authentication. I was not served, notified, or given an opportunity to object. This improper reopening laid the foundation for all subsequent proceedings — including the appointment of a trustee, sealing of documents, and reappointment of conflicted counsel .Judge Robert H. Jacobvitz, was added to my case October, 13, 2021. I am not appealing Judge Thuma's actions directly, but highlighting that the procedural and factual defects that occurred under his supervision made it impossible for Judge Jacobvitz to render a fair ruling, unless he first addressed and corrected that tainted foundation — which he did not.The procedural defects and misconduct surrounding the reopening of my 1993 Chapter 7 case occurred under the supervision of Judge David T. Thuma, particularly the acceptance of Official Form 106Sum bearing a forged signature and the appointment of a trustee without proper notice or consent. I do not seek to hold Judge Thuma responsible for these actions, as he is no longer presiding over the matter. However, once the case was transferred to Judge Robert H. Jacobvitz, it was incumbent upon the court to acknowledge and address the fraudulent foundation on which all subsequent orders were based. Where of course these issues were repeatedly pointed out to him, Instead, Judge Jacobvitz proceeded as though the reopening had been proper, allowing the harm to continue and ultimately denying relief without correcting the original due process violations. This appeal challenges Judge Jacobvitz's failure to remedy a structurally compromised proceeding and the injustice that resulted. Furthermore at a point when appellant had disclosed this concern, Jacobvitz in a written statement called the reopening " A Matter of Law."