# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE LEROY CARRILLO, JR. and BARBARA CARRILLO, <br><br> Debtors. <br> _____ <br><br> LEROY CARRILLO, JR., <br><br> Appellant, <br><br> v. <br><br> PHILIP J. MONTOYA, Chapter 7 Trustee, ROTHSTEIN DONATELLI LLP, ASKEW LAW FIRM, JAMES I. STANG, ERIC SCHWARTZ, and DAVIS MILES LAW FIRM, <br><br> Appellees. | BAP No. NM-25-014 <br><br><br><br> Bankr. No. 93-10091 <br> Chapter 7 <br><br><br><br> ORDER |

_____

Before **ROMERO**, Chief Judge, **PARKER**, and **THURMAN**, Bankruptcy Judges.
_____

The matter before the Court is Appellant's *Emergency Notice of Ongoing Constitutional Harm and Request for Immediate Action* ("Motion"). Appellee Davis Miles, PLLC and Appellee Rothstein Donatelli LLP each filed a response, and Rothstein Donatelli LLP joined Davis Miles, PLLC's response. Further, Appellee Phillip J. Montoya, Chapter 7 Trustee, filed a joinder to both responses. Finally, Appellant filed his reply ("Reply"), which also contains a request to compel the production of settlement accounting records.

I.  **Background**

On May 2, 2025, the Bankruptcy Court issued its *Order Denying Motion for Immediate Relief* [Bankr. ECF No. 100] (the "Order") denying Appellant's request for (1) "summary judgment against the Defendants[1] for the theft or misappropriation of settlement recovery funds in the gross amount of the funds," (2) "the Court to freeze the assets of the Defendants, including bank accounts, real estate, and other assets of value to ensure the assets are available to satisfy a judgment against them," and (3) "the Court to require the Defendants to identify insurance coverage and bonds related to their alleged theft and misappropriation,"[2] and (4) immediate reimbursement of funds.[3] The Bankruptcy Court incorporated the earlier detailed findings of fact and conclusions of law from its *Memorandum Opinion*,[4] and ultimately the Bankruptcy Court "determined that the professionals [Mr. Carrillo] had identified did not misappropriate any funds to which Mr. Carrillo is entitled."[5] On May 16, 2025, Appellant appealed the Order.

On July 9, 2025, Appellant filed his opening brief, which features seven issues on appeal:

> 1. Whether the bankruptcy court erred in reopening Appellant's 1993 Chapter 7 case based on a forged Official Form 106Sum, without notice, consent, or participation from the Appellant.

---

[1] Appellant listed the following defendants: Rothstein Donatelli; Carolyn M. "Cammie" Nichols; Askew Law Firm; attorney Jim Stang; Eric Swartz as trustee (a former Omni employee); Philip Montoya; and the Miles & Davis law firm. Order at 1.
[2] Order at 1.
[3] *Motion for Immediate Relief, Summary Judgement [sic], Asset Freeze and, Identification of Insurers and Bonds* [Bankr. ECF No. 91] at 2.
[4] *Memorandum Opinion* [Bankr. ECF No. 98].
[5] Order at 2.

2

2. Whether the bankruptcy court violated Appellant's constitutional right to due process by allowing proceedings to continue based on a fraudulent filing, without proper service, notice, or opportunity to be heard. And whether the judge had an inside knowledge of a plan to deny appellant.

3. Whether the appointment of Trustee Phillip J. Montoya and reappointment of Carolyn Nichols as special counsel—both of whom were directly implicated in alleged misconduct—constituted a conflict of interest and abuse of judicial discretion. Also known to [J]udge Jacobvitz.

4. Whether the bankruptcy court committed reversible error by allowing critical hearings to proceed without the Appellant's attendance, suppressing or omitting key portions of the audio record, and failing to provide a copy of the hearing upon request.

5. Whether the court's deference to Nichols' and Montoya's scheduling preferences, while ignoring Appellant's objections and denying him access to evidence until after hearings had concluded, constitutes judicial bias or misconduct.

6. Whether all orders issued following the reopening of the case should be vacated as void ab initio due to the fraudulent basis upon which the case was reactivated.

7. Whether Appellant is entitled to restitution of misappropriated funds and compensation for time, labor, and injury caused by systemic judicial failures and legal malpractice.[6]

## II.    Legal Standard

The Court has jurisdiction over appeals from "final decisions, judgments, orders, and decrees."[7] The scope of this Court's review is limited to review of the order appealed and other issues either "inextricably intertwined" with or essential to resolution of the order on appeal.[8]

---

[6] Appellant's Br. at 7.

[7] 28 U.S.C. § 158.

[8] *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 45 (1995); *Moore v. City of Wynnewood*, 57 F.3d 924, 930 (10th Cir. 1995) (recognizing pendent appellate jurisdiction and reading *Swint* to suggest that "pendent appellate jurisdiction might be appropriate where the otherwise nonappealable decision is 'inextricably intertwined' with the appealable decision, or where review of the nonappealable decision is 'necessary to ensure meaningful review' of the appealable one").

Pursuant to Federal Rule of Bankruptcy Procedure 8013(a)(2)(B), "[a] motion to expedite an appeal must explain what justifies considering the appeal ahead of other matters." Additionally, Rule 8028 permits suspension of the briefing deadline rules.[9] "The primary purpose of [Rule 8028] is to give [] courts . . . the power to expedite the consideration of cases that are of pressing concern to the public or to the litigants. Courts will invoke the power given them by [Rule 8028] if there are unusual time considerations or if unfairness to the litigants would otherwise result."[10]

### III. Appellant's Arguments

In the Motion, Appellant contends he is harmed as a result of (1) having his sealed bankruptcy case reopened without notice or due process, (2) a forged Form 106 featuring his name being submitted, (3) his personal abuse survivor award being intercepted and depleted, and (4) having been denied the right to be heard.[11] Appellant alleges irreparable harm is ongoing in this case and urges the Court to do the following:

> 1. **Acknowledge this Emergency Notice in the record;**
> 2. **Issue an interim order** stating that the unaccounted for 43.9million dollars of the 126.9million dollars set aside for victim recovery[,] be accounted for and distributed to the victims as it is provided for RECOVERY and any money missing be replaced immediately. This fund is being pilfered without a doubt by attorneys.
> 3. **Order the immediate return of any funds taken without valid judicial authority or informed consent;**

---

[9] *See* Fed. R. Bankr. P. 8028 ("To expedite a decision or for other cause, a district court or BAP . . . may, in a particular case, suspend the requirements of these Part VIII rules[, including the briefing and timing rules.]").

[10] Collier on Bankruptcy ¶ 8028.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (internal quotation marks omitted).

[11] Motion at 1–2.

4

4. **Acknowledge on the record** that due process violations and property misappropriation have been proven and must be reviewed as a matter of urgency, not convenience.

5. **Review the proposed settlement letter** An act to settle with dignity for the litigant, bearing consideration for the BAP, and Judicial Responsibility. And law prescribed penalties for those committing criminal acts against appellant[.] Be accepted.[12]

In his Reply, Appellant requests the Court to do the following: "1. Order immediate production of the above-described accounting records within 21 days; 2. Schedule a status conference within 30 days to review the records; 3. Preserve all financial documents relating to the settlement fund to prevent alteration or destruction; and 4. Grant any other relief the Court deems just and proper."[13]

## IV.  Analysis

### 1.  Acknowledging the Motion in the Record

The Motion has already been received and docketed by the Court. Therefore, the issue of acknowledging the Motion in the record is moot.

### 2.  Issuing an Interim Order

This request is outside the scope of the Court's appellate jurisdiction. The key issue before the Court in this appeal is narrow: whether the Bankruptcy Court erred in entering the Order. The substance of the interim order requested goes beyond review of the Order and does not appear to present issues "inextricably intertwined" with or essential to resolution of the Order.

---

[12] *Id.* at 3.
[13] Reply at 5.

### 3. Ordering the Immediate Return of Funds

Whether Appellant is entitled to "restitution of misappropriated funds" is an issue on appeal listed in Appellant's brief. Even if the Court were to construe this request as a request for an expedited appeal, Appellant fails to meet Rule 8013(a)(2)(B)'s requirement to "explain what justifies considering the appeal ahead of other matters"[14] or to otherwise show cause to expedite. Here, Appellant neither included a justification as to why the appeal should be considered ahead of other matters (and before briefing is complete) nor did he show cause as to why the briefing deadlines should be compressed. Therefore, an expedited appeal is not warranted and the issue of entitlement to funds may be addressed by a merits panel as part of reviewing the Order after briefing concludes.

### 4. Acknowledging Due Process Violations on the Record

The request to acknowledge due process violations and property misappropriation on the record also relates to the issues on appeal. As discussed above, an expedited appeal to address this issue is not warranted.

### 5. Reviewing the Proposed Settlement Letter

Appellant did not attach a settlement letter or provide specification on the letter he is referring to. The Court is unable to grant this relief.

### 6. Additional Relief Requested in Appellant's Reply

In his Reply, Appellant requests additional relief not raised in the Motion. Specifically, he asks the Court to order the immediate production of accounting records,

---

[14] Rule 8013(a)(2)(B).

schedule a status conference, and preserve all financial documents relating to the settlement fund.[15] This portion of the Reply is beyond the scope of the Motion. Moreover, the relief requested is also beyond the scope of this appeal as described above.

## V.     Conclusion

Accordingly, is it HEREBY ORDERED that the Motion is DENIED. Upon the conclusion of briefing, the Court will review the Order on the merits and issue an opinion in due course.

For the Panel

*Anne Zoltani*

Anne Zoltani
Clerk of Court

---

[15] Reply at 5.